UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMBERT G. CHAMBERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. FREDERIKSEN, et al,<br><br>　　　　Defendants. | No.  2:21-cv-1112 WBS CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner, proceeding pro se.  On July 25, 2025, plaintiff filed a document styled, "Petition/Motion for Review of Settlement and the Disposition of the Filing Fee in Lieu of a Settlement Refund of Fee Paid."  (ECF No. 30 at 1.)  Plaintiff's motion should be denied.

I.　　BACKGROUND

　　　　On December 9, 2021, defendants filed a request to vacate the December 14, 2021 settlement conference because the parties had reached an agreement.  (ECF No. 24.)  On December 10, 2021, the settlement conference was vacated.  (ECF No. 26.)  On December 17, 2021, the parties' stipulation for voluntary dismissal with prejudice was filed, and the case was dismissed on December 20, 2021.  (ECF Nos. 28, 29.)

　　　　On July 25, 2025, plaintiff filed the motion for review of settlement.  (ECF No. 30.) Plaintiff contends that the prison trust office has continued to withdraw funds to apply to the

1  court's filing fee and administrative fee, totaling $400.00. (Id. at 2.) Plaintiff asks the Court to
2  review the settlement and refund the funds withdrawn from his inmate trust account so that he can
3  be made whole. (Id. at 2.)

4  II.     PLAINTIFF'S MOTION FOR REVIEW

5          A. Governing Standards

6  Courts have the authority to enforce a settlement agreement when the court has retained
7  jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th
8  Cir. 1994).

9          B. Discussion

10 This case was settled without the Court's involvement, and no settlement agreement was
11 filed with the Court. Therefore, the Court is not aware of the details of any agreement the parties
12 reached concerning the payment of plaintiff's filing fee or otherwise. Further, the Court did not
13 retain jurisdiction over the settlement. Thus, the Court does not have jurisdiction to review the
14 terms of the settlement agreement. In addition, plaintiff is not entitled to relief under Rule
15 60(b)(1), (2), or (3) of the Federal Rules of Civil Procedure, because his motion was filed over
16 one year after this case was dismissed on December 20, 2021. Therefore, plaintiff's motion for
17 review of the settlement is denied.

18 Plaintiff also seeks to correct a purported error in the funds withdrawn from his inmate
19 trust account deducted to pay the court's filing fee. Plaintiff claims that funds have continued to
20 be withdrawn to satisfy the court's order for the filing fee and the administrative fee, totaling
21 $400.00. (ECF No. 30 at 2.) However, on June 29, 2021, the Court ordered plaintiff to pay the
22 statutory filing fee of $350.00. (ECF No. 6.) Because plaintiff proceeded in forma pauperis, he
23 was not required to pay the $50.00 administrative fee. Further, the court's financial department
24 confirmed that plaintiff was charged $350.00. To date, plaintiff has paid $326.16, leaving a
25 balance due of $23.84. Plaintiffs are required to pay the court's filing fee. Thus, plaintiff's
26 request for a refund is denied.

27 For all these reasons, plaintiff's motion should be denied.

28 ///

III.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/cham1112.set

3